IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MAE TATE, Next of Kin and Administrator ad Litem of Estate of Willie Bell White, Deceased, and on behalf of the Wrongful Death Beneficiaries of Willie Bell White, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-2569-STA-dkv |
| LP MEMPHIS III, LLC d/b/a SIGNATURE HEALTHCARE AT ST. PETER'S VILLA; SIGNATURE HEALTHCARE CONSULTING SERVICES, LLC f/k/a SIGNATURE CONSULTING SERVICES, LLC; LPMM, INC.; LP MANAGER, LLC; LP O HOLDINGS, LLC; SIGNATURE HEALTHCARE CLINICAL CONSULTING SERVICES, LLC f/k/a SIGNATURE CLINICAL CONSULTING SERVICES, LLC; SIGNATURE HEALTHCARE, LLC; and SERENITY HEALTHCARE, LLC d/b/a SHC SERENITY HEALTHCARE, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER REGARDING SUBJECT MATTER JURISDICTION**

Before the Court is Plaintiff Mae Tate's Complaint (ECF No. 1) for negligence under the Tennessee Healthcare Liability Act, ordinary negligence, and survival and wrongful death filed on August 28, 2015. According to the Complaint, the various Defendants are the alter egos, agents, and/or joint enterprise of Defendant Signature HealthCARE, LLC. (Compl. ¶ 16-18.) Signature HealthCARE, LLC owns and operates through its subsidiaries a nursing home in Memphis, Tennessee, where Plaintiff's decedent resided until shortly before her death. (*Id.* ¶¶ 2, 19.) On September 25, 2015, Defendants filed a Motion to Compel Arbitration and Stay

1

Proceedings (ECF No. 18) and a Supplemental Motion (ECF No. 27) on October 6, 2015.

Plaintiff's Complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by virtue of the amount in controversy and the diversity of citizenship of the parties. "Subject matter jurisdiction defines the court's authority to hear a given type of case" and represents "the extent to which a court can rule on the conduct of persons or the status of things."[1] Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[2] "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[3] The Sixth Circuit has held that "federal courts have a duty to consider their subject matter jurisdiction in every case."[4] "In the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it."[5]

In its jurisdictional allegations, the Complaint alleges that each LLC Defendant is a "foreign limited liability company." (*Id.* ¶¶ 4-5, 7-11.) The Complaint does not, however, allege the identity of the member(s) of each LLC Defendant or the citizenship of any member(s). The

---

[1] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984) and Black's Law Dictionary 870 (8th ed. 2004)).

[2] Fed. R. Civ. P. 12(h)(3).

[3] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (internal citations omitted).

[4] *New Hampshire Ins. Co. v. Home Sav. & Loan Co. of Youngstown, Ohio*, 581 F.3d 420, 423 (6th Cir. 2009) (citation omitted).

[5] *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813-14 (6th Cir. 2015) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) and Fed. R. Civ. P. 12(h)(3)).

Sixth Circuit has concluded that these kinds of jurisdictional allegations regarding the citizenship of an LLC are "deficient" for purposes of establishing subject matter jurisdiction.[6] "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know *the citizenship of each member* of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know *the citizenship of each 'sub-member'* as well."[7]

In light of the allegations of the Complaint, the Court finds good cause to satisfy itself that it has subject matter jurisdiction over Plaintiff's claims. As the party asserting diversity jurisdiction, Plaintiff has the burden of persuasion for establishing it.[8] The Court also recognizes that Defendants are in the best position to produce the information the Court needs to make a determination of the issue. Therefore, the Court orders counsel for the parties to confer and submit a joint jurisdictional statement to aid the Court in its determination of subject matter jurisdiction. The parties' statement should contain the following information: (1) the identity of each member of the LLC Defendants named in the Complaint, (2) the citizenship of each member of the LLC Defendants, (3) to the extent that any LLC Defendant has as one of its members another LLC, the identity of the member(s) of each member LLC (a "sub-member" as that term was used by the Sixth Circuit in *Delay*) and the citizenship of the "sub-member"(s), and (4) to the extent that any LLC Defendant has as one of its members any other business

---

[6] *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004-1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC).

[7] *Id.* at 1005 (emphasis added).

organization or corporate form, all of the facts necessary for the Court to determine the citizenship of that member for purposes of diversity jurisdiction. The parties' joint jurisdictional statement is due on or before March 1, 2016. Once the parties have filed the statement, the Court will make a determination of its subject matter jurisdiction over the parties' dispute.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 2, 2016

---

[8] *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).