IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| MAE TATE, Next of Kin and Administrator ad Litem of Estate of Willie Bell White, Deceased, and on behalf of the Wrongful Death Beneficiaries of Willie Bell White,<br><br>Plaintiff,<br>v.<br><br>LP MEMPHIS III, LLC d/b/a SIGNATURE HEALTHCARE AT ST. PETER'S VILLA; SIGNATURE HEALTHCARE CONSULTING SERVICES, LLC f/k/a SIGNATURE CONSULTING SERVICES, LLC; LPMM, INC.; LP MANAGER, LLC; LP O HOLDINGS, LLC; SIGNATURE HEALTHCARE CLINICAL CONSULTING SERVICES, LLC f/k/a SIGNATURE CLINICAL CONSULTING SERVICES, LLC; SIGNATURE HEALTHCARE, LLC; and SERENITY HEALTHCARE, LLC d/b/a SHC SERENITY HEALTHCARE, LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 15-2569-STA-dkv |

---

**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

---

In a series of orders previously issued by the Court, the Court raised *sua sponte* the issue of its subject-matter jurisdiction to hear this case. The Court set out the procedural history of the case in those orders and need not review it in full here. Briefly, Plaintiff Mae Tate filed her Complaint (ECF No. 1) for negligence under the Tennessee Healthcare Liability Act, ordinary negligence, and survival and wrongful death on August 28, 2015. Plaintiff's Complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by virtue of the amount in controversy and the diversity of citizenship of the parties. Defendant Signature

1

HealthCARE, LLC owns and operates through its subsidiaries a nursing home in Memphis, Tennessee, where Plaintiff's decedent resided until shortly before her death. (Compl. ¶¶ 2, 19.) According to the Complaint, the various Defendants are the alter egos, agents, and/or joint enterprise of Defendant Signature HealthCARE, LLC. (*Id.* ¶¶ 16-18.) The Complaint makes certain jurisdictional allegations that each LLC Defendant is a "foreign limited liability company." (*Id.* ¶¶ 4-5, 7-11.)

Because the Complaint did not allege the identity of the members of each LLC Defendant or the citizenship of the members, the Court directed the parties to address the issue of jurisdiction by filing a joint jurisdictional statement. The Sixth Circuit has concluded that jurisdictional allegations like the ones in Plaintiff's Complaint regarding the citizenship of an LLC are "deficient" for purposes of establishing subject matter jurisdiction.[1] "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know *the citizenship of each member* of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know *the citizenship of each 'sub-member'* as well."[2] The Court therefore ordered the parties to provide the Court with information about the identities and citizenship of each member of the LLC Defendants named in the Complaint and all of the facts necessary for the Court to determine the citizenship of that member for purposes of diversity jurisdiction.

---

[1] *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1004-1005 (6th Cir. 2009) (holding that a notice of removal alleging diversity jurisdiction under § 1332 based on the fact that the LLC defendant was an LLC "organized under the laws of Illinois, with its principal place of business in Illinois" was "deficient" without information about the citizenship of each member of the LLC).

[2] *Id.* at 1005 (emphasis added).

Defendants eventually filed for in camera review the jurisdictional information, including member operating agreements for each of the following LLCs: St. George HC Investments, LLC; LPSNF, LLC; Las Palmas SNF, LLC; and Signature HealthCARE, LLC. The Court ordered that while Defendants would initially file the agreements in camera, the Court would subsequently make all relevant information as it relates to jurisdiction available to Plaintiff unless the Court determined otherwise after its review of the documents. The Court convened a hearing on the jurisdictional issue on April 18, 2016, and took the entire matter under advisement.

Then on May 6, 2016, the parties filed a Notice of Settlement (ECF No. 58). In light of their settlement of the dispute, the Court ordered the parties to show why production of the jurisdictional information to Plaintiff was necessary under the circumstances. Plaintiff responded, stating that she had agreed as part of the settlement not to seek production of the jurisdictional information. However, Plaintiff argued that the information was relevant to the Court's jurisdiction in other cases the same attorneys had filed in this Court on behalf of other plaintiffs against some of the same LLC Defendants: *Roy v. Signature HealthCARE, LLC, et al.*, (civil case no. 2:15-cv-02765-JPM-tmp) and *Gibbs v. Signature HealthCARE, LLC, et al.*, (civil case no. 2:16-cv-02142-SHL-cgc). Defendants did not take a position on the matter.

The other pending cases cited in Plaintiff's response have since come to a conclusion, though not before the parties joined the issue of subject-matter jurisdiction in each of the cases. In *Gibbs*, the parties simply filed a stipulation of dismissal pursuant to Federal Rule of Civil

Procedure 41(a)(1)(A)(ii) and therefore did not need additional approval from the Court.[3] In *Roy*, Defendants filed proof under seal that at least one member of the relevant LLC entities was a Tennessee resident at all times relevant to the action. Based on this proof, the Court dismissed *Roy* for lack of subject-matter jurisdiction.[4]

For the same reasons that the Court dismissed *Roy*, the Court holds that complete diversity of citizenship is lacking in the case at bar. "In the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it."[5] The proof filed in *Roy* shows that at least one individual member of St. George HC Investments, LLC is, like Plaintiff in this case, a resident of the state of Tennessee. The Court concluded in *Roy* that it lacked subject-matter jurisdiction over the claims in that case due to the lack of complete diversity. The proof submitted for in camera review in the case at bar is consistent with the proof filed in *Roy*. The same individual member of St. George HC Investments, LLC identified as a Tennessee resident in *Roy* was also named as a member in the St. George HC Investments, LLC operating agreement in effect at the time Plaintiff filed her Complaint in August 2015. Therefore, the Court concludes that it lacks subject-matter jurisdiction in this case.

Furthermore, the Court finds that Plaintiff's request to receive the jurisdictional

---

[3] *Dillon-Barber v. Regents of Univ. of Mich.*, 51 F. App'x 946, 951 (6th Cir. 2002) ("[A] properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval[.]") (quoting *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)).

[4] Order Granting Mot. to Dismiss for Lack of Subj. Matter Juris. (ECF No. 81, civil no. 15-2765-JPM-tmp).

[5] *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813-14 (6th Cir. 2015) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) and Fed. R. Civ. P. 12(h)(3)).

information filed in camera by Defendants is now moot. There no longer appears to be any need to produce the jurisdictional information for use in *Gibbs* or *Roy* because the Court has entered judgment in both cases. Having made a determination of the remaining issues in this case, Plaintiff's Complaint must be dismissed *sua sponte* and without prejudice to re-file in the proper forum.

**IT IS SO ORDERED.**

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: March 7, 2017.